SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 04-84 PA (CTx) | Date | May 11, 2007 |
| Title | Vicki Welch v. Metropolitan Life Ins. Co., et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None                                                                   None

**Proceedings:**        IN CHAMBERS - COURT ORDER

DOCKETED ON CM
JUN 18 2007
BY ___  002

    The Court has received the Mandate issued by the Ninth Circuit on plaintiff Vicki Welch's ("Plaintiff") appeal of this Court's Order on her Motion for Attorneys' Fees. The Ninth Circuit affirmed the Court's Order except with respect to Plaintiff's counsel's hourly rate and the reduction the Court made for block billing. The Ninth Circuit concluded that Plaintiff's counsel had satisfied their burden to establish the reasonableness of their proffered hourly rates of $375 and $400. The Ninth Circuit also determined that the Court erred by imposing an across-the-board reduction for block billing rather than limiting its reduction to those entries that were block-billed. In remanding the matter to this Court for redetermination, the Ninth Circuit observed: "Although we believe the record is sufficiently complete for the district court to revise its fee award without additional evidence, we leave it to the court's discretion whether to entertain supplemental submissions or argument by the parties." Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 950 (9th Cir. 2007). After reviewing the record and the Ninth Circuit's Opinion, the Court concludes that no additional evidence or argument is necessary.

    Based on its review of the record and the Ninth Circuit's Opinion, the Court continues to believe that Plaintiff's original request for $39,112.50 in attorneys' fees was unreasonable. Plaintiff's claim for ERISA benefits–a claim totaling about $30,000–was resolved soon after the Court issued its scheduling order when defendant voluntarily agreed to reinstate Plaintiff's benefits. Plaintiff's counsel never prepared or filed any substantive briefs except in support of the Motion for Attorneys' Fees. As the Ninth Circuit concluded, the Court acted within its discretion when it reduced specific time entries and made an across-the-board reduction for billing in quarter-hour increments. The Ninth Circuit also stated that "[w]e do not quarrel with the district court's authority to reduce hours that are billed in block format." Id. at 948.

    The Court has once again reviewed the 98.5 hours for which Plaintiff's counsel seeks fees. Of the 11.5 hours billed in 2003 at $375 per hour, the Court previously deducted 0.25 hours for an intra-office conference. Of the remaining 11.25 hours, 5.75 hours were block-billed. The Court reduces the block-billed time by 20% and adds those hours to the time that was not block-billed for an adjusted total of 10.1 hours. The Court reduces that figure by a further 20% to account for billing in quarter-hour increments for a total of 8.1 hours. The Court then multiplies 8.1 hours by $375 to arrive at a lodestar of $3,037.50 for time billed in 2003. With respect to the 87 hours billed in 2004, the Court previously

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 04-84 PA (CTx) | Date | May 11, 2007 |
|---|---|---|---|
| Title | Vicki Welch v. Metropolitan Life Ins. Co., et al. | | |

deducted 26.5 hours. Of the remaining 60.5 hours, 36.75 hours were block-billed. The Court reduces the block-billed time by 20% and adds those hours to the time that was not block-billed for an adjusted total of 53.2 hours. The Court reduces that figure by a further 20% to account for billing in quarter-hour increments for a total of 42.5 hours. The Court then multiples 42.5 hours by $400 to arrive at a lodestar of $17,000.00 for time billed in 2004.

For all of the foregoing reasons, and consistent with the Ninth Circuit's Opinion and those portions of the Court's September 20, 2004 Order affirmed by the Ninth Circuit, the Court awards Plaintiff attorneys' fees of $20,037.50.

IT IS SO ORDERED.

